# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHELLE WILLIAMS,**

    **Plaintiff,**

v.                                                    Case No.:

**CLUB ASSIST U.S., LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MICHELLE WILLIAMS ("Plaintiff") sues the Defendant CLUB ASSIST U.S., LLC (herein after "CLUB ASSIST" or "Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. §1981 ("Section 1981"), Equal rights under the law, to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Plaintiff is an adult individual who resides in Seminole County, Florida.

2. Defendant CLUB ASSIST U.S., LLC is a Foreign Limited Liability Company licensed and authorized to conduct business in the State of Florida. At all material times hereto, Defendant maintained an office in Seminole County, Florida.

## JURISDICTION AND VENUE

3. Jurisdiction of this matter arises under 42 U.S.C. §1981 ("Section 1981"), Equal rights under the law.

4. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Seminole County, Florida.

5. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Seminole County, Florida.

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2019, and that Charge is currently pending.

## FACTUAL ALLEGATIONS

7. Plaintiff is an African-American female.

8. Club Assist is the largest automotive battery retailer and partners with motor club organizations, namely AAA, to provide roadside automotive batteries to its members.

9. Plaintiff was hired by Club Assist on or about October 24, 2018, as a Project Manager.

10. However, due to her performance and experience, in November 2018, Plaintiff was promoted to Director of Administration, a new role specially created for Plaintiff's various talents and experience. In this capacity, Plaintiff performed several tasks

including executive assistant to the President and CEO John Tutt, Office Manager and Project Manager.

11. At all times relevant to the allegations herein, Plaintiff was an employee of Club Assist.

12. Club Assist directly and immediately controlled the terms and conditions of Plaintiff's employment with Club Assist.

13. As the Director of Administration, Plaintiff was the only Black Director who did not receive a pay raise upon their promotion as other white Directors received upon their promotions. Of all the Directors, Plaintiff was the lowest paid, by as much as $80,000.00 per year.

14. Following Plaintiff's promotion to Director of Administration, Plaintiff began to hear first-hand, various comments from Tutt and other executives that were racially derogatory. Some of these comments were specifically directed at Plaintiff.

15. In addition, Plaintiff made several inquiries regarding the lack of Black employees working at Club Assist but nothing changed.

16. Plaintiff also witnessed a Black male who was promoted to a Facilities Manager position and was intentionally paid less than his white counterparts because of racial discrimination. When Plaintiff raised this issue with Vice President, Human Resources, Maria Randall, she agreed but refused to change his salary to the level of his white counterparts.

17. Plaintiff was initially reluctant to complain regarding the race discrimination because of first-hand knowledge that those who complained were expeditiously exited

from the company. For example, a former Club Assist female employee filed a grievance alleging Tutt had engaged in inappropriate behavior towards her. Upon receiving that employee's grievance, Plaintiff was told by Mr. Tutt that "I think when employees file a grievance they no longer intend to work for the company."

18. However, Plaintiff believed the only way she could find some resolution to the racially discriminatory environment was to complain to Human Resources and she did. Plaintiff's first complaint occurred on or about April 2, 2019 to Randall regarding all of the above-referenced discriminatory issues. Although Randall said she would look into Plaintiff's allegations, nothing appeared to be done to address the conduct.

19. On April 5, 2019, Plaintiff then brought her complaint to the Human Resources Business Partner Angie Sena. Plaintiff understood that Ms. Sena would share her complaint with Randall, which was later confirmed in their next meeting held on April 11, 2019. But, again, nothing was done to address Defendant's discriminatory conduct.

20. On April 8, 2019, Plaintiff met with Jason Kosnick in Human Resources and for the third time, complained about the discriminatory conduct. After Plaintiff's meeting with Mr. Kosnick and his suggestion that nothing was going to change, Plaintiff made the decision to file a formal grievance with Club Assist outlining the discriminatory conduct Plaintiff was experiencing.

21. Plaintiff completed the written grievance and submitted it to Randall on Friday, April 12, 2019, at 4:43 p.m.

22. On Monday, April 15, 2019, at approximately 8:45 a.m., two days after her formal complaint regarding racial (and gender) discrimination, Plaintiff was called into a

meeting with Randall and Sena and was informed that on Thursday, April 11, 2019, Tutt decided to do some company restructuring and made the decision to eliminate Plaintiff's position, effective immediately.

23. While Plaintiff was shocked and distraught about learning she had been fired, she was immediately reminded of Tutts prior comment about those who filed grievances with the company.

24. Accordingly, Plaintiff believed the explanation that her position had been eliminated as part of some restructuring to be false and a pretext for retaliation. Indeed, Plaintiff received several calendar invites and emails from Tutt and others, regarding future assignments and meetings after the alleged April 11, 2019, decision.

25. What is more, Plaintiff was performing essentially four jobs in her capacity of Director of Administration and those duties did not disappear. There is simply no argument Plaintiff could not have remained with Club Assist in some capacity while she performed some aspect of her Director of Administration duties.

26. Further, Plaintiff had always performed her job well despite the workplace conduct she had experienced and believes these actions were a retaliatory response to her complaints about Defendant's racially discriminatory practices.

## COUNT I
## DISCRIMINATION BASED ON RACE IN VIOLATION OF SECTION 1981

27. Plaintiff re-alleges and adopts paragraph 1 – 26 as though set forth fully herein

28. Plaintiff is member of protected class under Section 1981due to her race.

29. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race in violation of Section 1981.

30. Defendant knew or should have known of the discrimination.

31. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

    **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees;

    h. Punitive damages; and,

    i. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF SECTION 1981

32. Plaintiff re-alleges and adopts paragraph 1 – 26 as though set forth fully herein.

33. Plaintiff is member of protected class under Section 1981 because she engaged in protective activities.

34. Plaintiff engaged in protected activity beginning on April 2, 2019, when she began complaining about experiencing workplace racial discrimination. Plaintiff made three additional complaints about being racially discriminated against: on April 5, 2019, April 11, 2019, and in her formal written grievance submitted to Defendant on April 12, 2019.

35. Within days of Plaintiff complaining about being discriminated against because of her race, Plaintiff's employment was terminated on April 15, 2019.

36. By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of Section 1981.

37. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

38. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f.      Prejudgment interest;

    g.      Costs and attorney's fees; and

    h.      Such other relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend her Complaint to seek punitive damages against Defendant</u>**

Respectfully submitted on this 19th day of June, 2019.

          **s/ ANTHONY J. HALL**
          **Anthony J. Hall, Esq.**
          Florida Bar No.: 40924
          Morgan & Morgan, P.A.
          20 N. Orange Ave., 14th Floor
          P.O. Box 4979
          Orlando, FL 32802-4979
          Direct Tel.:   (407) 418 2079
          Facsimile:    (407) 245-3390
          Email: ahall@forthepeople.com
          Counsel for Plaintiff